**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
JAN 3 0 2018
IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY:
DEPUTY CLERK

**ADRIAN BRYANT**

**PLAINTIFF**

**v.**                    **CASE NO. 4:16-CV-00509 BSM**

**JEFFREY SAND COMPANY**                    **DEFENDANT**

## JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

## COURT'S INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## COURT'S INSTRUCTION NO. 3

In considering the evidence, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

## COURT'S INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" consists of the testimony of witnesses, and the documents received as exhibits. You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence.

Certain things are not evidence. I will list those things again for you now:

1.  Statements, arguments, questions and comments by the attorneys are not evidence.

2.  Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Anything you saw or heard about this case outside the courtroom is not evidence.

## COURT'S INSTRUCTION NO. 5

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory, knowledge, education, and experience; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

COURT'S INSTRUCTION NO. 6

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

## COURT'S INSTRUCTION NO. 7

Unless otherwise instructed, a party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case.

"Preponderance of the evidence" means the greater weight of evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

The greater weight of the evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If, upon any issue, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

Finally, you have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

COURT'S INSTRUCTION NO. 8

You have heard evidence that plaintiff Adrian Bryant has been convicted of a crime. You may use that evidence only to help you decide whether to believe Bryant and how much weight to give his testimony.

8th Circuit Model Civil Instructions (2017), § 2.10.

COURT'S INSTRUCTION NO. 9

Plaintiff Adrian Bryant claims he was subjected to a racially hostile work environment. Your verdict must be for Bryant and against defendant Jeffrey Sand Company on Bryant's racially hostile work environment claim if all of the following four elements have been proved by a preponderance of the evidence:

*First*, Bryant was subjected to racial epithets and racial slurs;

*Second*, such conduct was unwelcome, in that Bryant did not solicit or invite the conduct and regarded it as undesirable or offensive;

*Third*, such conduct was sufficiently severe or pervasive that a reasonable person in Bryant's position would find his work environment hostile. (In making this determination, you must look at all the circumstances, including the frequency of the conduct complained of; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with Bryant's work performance; and the effect on Bryant's psychological well-being. No single factor is required in order to find Bryant's work environment hostile.); and

*Fourth*, at the time such conduct occurred and as a result of such conduct, Bryant believed his work environment to be hostile.

If Bryant has proved all four elements listed above, your verdict must be for Bryant; however, your verdict must be for Jeffrey Sand Company if either one of the

four elements has not been proved.

8th Circuit Model Civil Instructions (2017), § 8.41.

COURT'S INSTRUCTION NO. 10

Your verdict must be for Jeffrey Sand Company on Adrian Bryant's claim of a racially hostile work environment if it has been proved that Jeffrey Sand Company exercised reasonable care to prevent and correct promptly any harassing behavior; and that Bryant unreasonably failed to take advantage of the preventative or corrective opportunities provided by Jeffrey Sand Company by failing to report any alleged racially discriminatory comments by his supervisor.


8th Circuit Model Civil Instructions (2017), § 8.60.

13

COURT'S INSTRUCTION NO. 11

If you find in favor of Adrian Bryant under Instruction 9 and against Jeffrey Sand Company under Instruction 10, then you must award Bryant the sum of money that you find by the greater weight of the evidence will fairly and justly compensate him for damages you find he sustained as a direct result of being subjected to a hostile work environment.

With respect to the claim of a racially hostile work environment, Bryant only makes a claim for emotional distress damages since he suffered no lost wages, salary, or working time as a result of the alleged hostile work environment.

In considering Bryant's claim for damages you should consider the following elements: emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Any award for emotional distress must be supported by competent evidence of a "genuine injury." Although essentially subjective, genuine injury in this respect may be evidenced by one's conduct and observed by others. An award for emotional distress may be based solely on the plaintiff's own testimony, however, the testimony should identify and describe the kind of severe emotional distress that would warrant an award of emotional distress damages. An award of damages must be supported by competent evidence concerning the injury.

14

You are also instructed that the plaintiff has a duty under the law to "mitigate" his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.  Therefore, if you find that Bryant failed to out or take ~seek advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount of damages Bryant reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

8th Circuit Model Civil Instructions (2017), §§ 5.70, 8.70, and 11.70.

COURT'S INSTRUCTION NO. 12

If you find in favor of Adrian Bryant under Instruction 9, but you find that Bryant's damages have no monetary value, then you must return a verdict for Bryant in the nominal amount of One Dollar ($1.00).

8th Circuit Model Civil Instructions (2017), §§ 8.71 and 11.71.

COURT'S INSTRUCTION NO. 13

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

You may not award punitive damages, however, if it has been proved that Jeffrey Sand Company made a good faith effort to comply with the law prohibiting racially hostile work environments.

If you find that Jeffrey Sand acted with malice or reckless indifference to Adrian Bryant's rights and did not make a good-faith effort to comply with the law prohibiting a racially hostile work environment, then, in addition to any other damages to which you find Bryant entitled, you may, but are not required to, award Bryant an additional amount as punitive damages for the purpose of punishing Jeffrey Sand for engaging in such conduct and deterring defendant and others from engaging in such misconduct in the future. You should presume that Bryant has been made whole for his injuries by the damages awarded under Instruction 11 or 12.

If you decided to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.      How reprehensible Jeffrey Sand's conduct was. In this regard, you may consider whether the harm suffered by Bryant was physical or economic or both; whether there was violence, deceit, intentional malice; whether Jeffrey Sand's

17

conduct that harmed Bryant also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Bryant.

2.     How much harm Jeffrey Sand's wrongful conduct caused Bryant.

3.     What amount of punitive damages, in addition to the other damages awarded, is needed, considering Jeffrey Sand's financial condition, to punish Jeffrey Sand for its wrongful conduct toward Bryant and to deter Jeffrey Sand and others from similar conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Adrian Bryant.

8th Circuit Model Civil Instructions (2017), §§ 8.72 and 11.72.

COURT'S INSTRUCTION NO. 14

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

COURT'S INSTRUCTION NO. 15

Plaintiff Adrian Bryant's termination from defendant Jeffrey Sands Company is not an issue in this trial and is not to be considered.

COURT'S INSTRUCTION NO. 16

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges – judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the court security officer and

I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.[1]

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom. [If more than one form was furnished, you will bring the unused forms in with you.]